## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

BREANNA STOETZER,                    )
                                     )
              Plaintiff,             )
                                     )
     v.                              )     Case No. 21-cv-1138-JES-JEH
                                     )
FIRST STATE BANK OF BLOOMINGTON,     )
                                     )
              Defendant.             )

### ORDER AND OPINION

This matter is now before the Court on Defendant First State Bank of Bloomington's Motion (Doc. 5) to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and Memorandum (Doc. 6) in Support, Plaintiff's Response in Opposition (Doc. 7), and Defendant's Reply (Doc. 8). For the reasons set forth below, Defendant's Motion (Doc. 5) is DENIED.

### LEGAL STANDARD

In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court accepts well-pleaded allegations in a complaint as true and draws all permissible inferences in favor of the plaintiff. *See Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015). To survive a motion to dismiss, the complaint must describe the claim in sufficient detail to put defendant on notice as to the nature of the claim and its bases, and it must plausibly suggest that the plaintiff has a right to relief. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). In considering a 12(b)(6) motion, district courts may consider " 'any facts set forth in the complaint that undermine the plaintiff's claim.' " *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013) (quoting *Hamilton v. O'Leary*, 976 F.2d 341, 343 (7th Cir. 1992)). That freedom includes exhibits attached to the complaint, or documents referenced in the pleading if they are central to the claim. *Id.* (citing Fed. R. Civ. P. 10(c); *Citadel Grp. Ltd. v. Washington Reg'l Med. Ctr.*, 692

F.3d 580, 591 (7th Cir. 2012)). If an exhibit "incontrovertibly contradicts the allegations in the complaint, the exhibit ordinarily controls, even when considering a motion to dismiss. *Id.* (citing *Forrest v. Universal Savings Bank, F.A.*, 540, 542 (7th Cir. 2007)).

### DISCUSSION

On May 3, 2021, Plaintiff Breanna Stoetzer filed a lawsuit against her former employer, Defendant First State Bank of Bloomington, alleging that she was discriminated against because of her pregnancy in violation of Title VII of the Civil Rights Act. Doc. 1 (citing 42 U.S.C. § 2000e(k)). Defendant responded to the lawsuit by filing a Rule 12(b)(6) Motion on July 19, 2021. Docs. 5; 6. The Motion does not challenge the sufficiency of the detail in Stoetzer's Complaint, rather, it submits Stoetzer failed to timely file a discrimination charge with the United States Equal Employment Opportunity Commission ("EEOC"), which is a prerequisite for a Title VII action. Doc. 6, at 3 (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)). In her Response, Stoetzer challenges the Court's ability to consider extraneous evidence on a 12(b)(6) motion because the timeliness of an EEOC complaint is not a jurisdictional issue, but rather, an affirmative defense. Doc. 7, at 1-2 (citing *Fort Bend Cty., Texas v. Davis,* 139 S. Ct. 1843, 1851 (2019)). Alternatively, Stoetzer argues Defendant's Motion must fail because the documentation submitted with her Response demonstrates that her first contact with the Illinois Department of Human Rights ("IDHR") was before October 10, 2018. *Id.* at 2 (citing *Palmer v. Sw. Airlines Co.*, 2009 WL 3462043, at *1 (N.D. Ill. 2009)).

Although Title VII's charge-filing requirement is not a jurisdictional requirement, it does not follow that the timeliness of an EEOC charge cannot be addressed at the 12(b)(6) stage. Indeed, courts have done just that and considered extraneous material in ruling on the 12(b)(6) motion. *See e.g.*, *Bergholz v. John Marshall L. Sch.*, No. 18 C 3, 2018 WL 5622052 (N.D. Ill.

Oct. 30, 2018); *Elzeftawy v. Pernix Grp., Inc.*, 477 F. Supp. 3d 734, 759 (N.D. Ill. 2020).

Moreover, *Fort Bend* did not change the landscape regarding Title VII's time limit for filing a

charge with the EEOC, rather, it reiterated that the time limit had already been characterized by

the Court as part of the nonjurisdictional "array of mandatory claim-processing rules and other

preconditions to relief." *Fort Bend*, 139 S. Ct. at 1849-50 (citing *Zipes*, 455 U.S. at 393). Unlike

issues implicating subject matter jurisdiction, an objection based on a mandatory claim-

processing rule must be timely raised in litigation otherwise a party forfeits such challenge, like

the employer in *Fort Bend*. *See id.* at 1843, 1849. Thus, it is appropriate for Defendant to

challenge the timeliness of the EEOC charge, if it has evidence to support such objection. Based

on the Exhibits attached to the Parties' briefs, it does. *See* Docs. 6-1; 7-1.

Contrary to Stoetzer's submission, the Court can, in some circumstances, consider

extraneous evidence when reviewing a motion to dismiss. *See Citadel*, 692 F.3d at 591. Exhibits

attached to the parties' briefs may be properly considered on a motion to dismiss if such exhibits

were "referred to" in the complaint and are "central" to the plaintiff's claims. *Venture Assocs.*

*Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993); *Andersen v. Vill. of Glenview*,

821 F. App'x 625, 627 (7th Cir. 2020). *See also Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir.

2002) ("The concern is that, were it not for th[is] exception, the plaintiff could evade dismissal

under Rule 12(b)(6) simply by failing to attach to his complaint a document that proved that his

claim had no merit."). Stoetzer's Complaint references her timely charge of discrimination with

both the IDHR and the EEOC. Doc. 1, at 3. Additionally, a plaintiff must exhaust her

administrative remedies by filing charges with the EEOC before bringing a Title VII claim and

the failure to "timely file the charge with the EEOC bars any subsequent civil rights suit in the

court." *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019); *Snider v. Belvidere*

*Township*, 216 F.3d 616, 618 (7th Cir. 2000). Based on the reference in her Complaint that her charge was timely and the effect of a failure to timely file, the Court can properly consider both of the Parties' Exhibits attached to their briefs on this issue.

The Civil Rights Act requires a complainant to submit a charge of discrimination to the EEOC within a statutory deadline and to receive a right to sue notice from the EEOC, before suing. 42 U.S.C. §§ 2000e–5(e)(1), (f)(1). Stoetzer's Complaint alleges that she filed a timely charge of discrimination with both the IDHR and EEOC and received her right to sue from the EEOC. Doc. 1, at 3.[1] The statutory deadline for submitting the charge of discrimination here was 300 days from the alleged incident of discrimination. *See* 42 U.S.C. §§ 2000e–5(e)(1). A failure to file a charge within the deadline amounts to a failure to exhaust administrative remedies, for which the proper remedy is dismissal of the suit without prejudice. *Carlson v. Christian Bros. Servs.*, 840 F.3d 466, 468 (7th Cir. 2016); *Teal v. Potter*, 559 F.3d 687, 693 (7th Cir. 2009); *Hill v. Potter*, 352 F.3d 1142, 1144-47 (7th Cir. 2003). Here, Stoetzer was constructively discharged due to discrimination on March 19, 2018. *See Bible*, 799 F.3d at 639. Therefore, 300 days from the alleged incident of discrimination would have been around January 13, 2019.

Defendant has submitted, as an Exhibit, a copy of Stoetzer's charge of discrimination with the IDHR and EEOC regarding pregnancy discrimination, which is stamped with the date of March 25, 2019. *See* Doc. 6-1. The charge of discrimination indicates that Stoetzer had signed it on March 19, 2019, and presumably returned it to the IDHR. Stoetzer does not contest those dates or that her charge of discrimination was signed well after the 300-day cutoff. Indeed, Stoetzer admits the IDHR prepared the formalized complaint and sent it to her on March 4, 2019.

---

[1] "IDHR has a worksharing agreement with EEOC, whereby a charge filed with IDHR is automatically cross-filed with EEOC." *Carlson v. Christian Bros. Servs.*, 840 F.3d 466, 467 (7th Cir. 2016).

Doc. 7, at 2. Her argument is that her charge of discrimination was timely because she sent her complainant information sheet ("CIS") sometime before October 10, 2018.

Stoetzer's only legal support for her contention that merely filing a CIS was sufficient is a lone case from the Northern District of Illinois in 2009. However, Stoetzer only compares *Palmer*, 2009 WL 3462043, by stating although the plaintiff there did not sign the verified charge of discrimination until 388 days after her discharge, she had submitted her questionnaire prior to the expiration of the 300-day deadline, which was deemed timely. Stoetzer does not explain how the district court's analysis there could be mirrored here. More importantly, a citation to *Palmer* fails to account for the Seventh Circuit Court of Appeals' holding in *Carlson*, 840 F.3d at 466.

As cited by Defendant, in *Carlson*, the Seventh Circuit held a CIS[2] filed with the IDHR is generally not a "charge." 840 F.3d at 467. "A charge is the administrative equivalent of a complaint filed in court; a CIS is not unless it asks for relief and thus functions as a charge." *Id.* (applying the Supreme Court's holding in *Federal Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008) regarding a "charge" under the Age Discrimination in Employment Act). Otherwise, a CIS is simply a "pre-charge screening form" because it does not prompt the IDHR to "notify the employer, launch an investigation, or sponsor mediation between the parties—filing a charge form does." *Id*. Thus, in spite of the general rule, a CIS may qualify as a charge if it satisfies the EEOC's charge-filing requirements and requests remedial action. *Id.* at 468 (citing *Holowecki*, 552 U.S. at 402). Stoetzer fails to make any argument that her CIS met any of these factors in order to be considered a "charge."

---

[2]    [A CIS] asks the complainant for basic information about his or her claim. On the basis of the CIS IDHR decides whether it has jurisdiction and if it does it copies the information in the CIS on to an official charge form, which the filer can sign and submit. The CIS also asks the complainant to check a box if the employer has more than 15 employees in Illinois, and to check another box if the employer has more than 15 employees in the United States[.]
*Id*.

Considering Stoetzer's argument regarding her CIS is hardly persuasive and supported by citations to the law, the Court is inclined to grant Defendant's Motion. However, Stoetzer does state, "[t]he complainant information sheet completed by Stoetzer is in the possession of the Department of Human Rights. Ultimately it would need to be reviewed in order to assess whether Stoetzer filed her charge within 300 days." Doc. 7, at 3. Without the CIS, the Court is unable to conduct the analysis in *Carlson*, 840 F.3d at 468-69 to determine whether the CIS qualifies as a "charge" of discrimination. The timeliness of an EEOC charge is an affirmative defense and a tie should go to the plaintiff. *See Salas v. Wis. Dept. of Corr.*, 493 F.3d 913, 922 (7th Cir. 2007) (noting it was an error for the district court to fault the plaintiff at summary judgment for failing to produce a document that he mailed to the EEOC where it was defendant's burden to prove its affirmative defense). Thus, considering Defendant is raising the affirmative defense of timeliness and this case is still at the early stages of litigation, it seems inappropriate to fault Stoetzer at this time if she is unable to access the CIS from the IDHR. Therefore, the Court denies Defendant's Motion (Doc. 5) to Dismiss but finds Defendant has preserved its objection as to the timeliness of the EEOC charge. If Defendant can produce the CIS, it is free to file another motion addressing this issue and the Court will consider whether the CIS is a "charge" within the meaning of the guidance provided in *Carlson*, 840 F.3d at 468-69.

## CONCLUSION

For the reasons set forth above, Defendant's Motion (Doc. 5) to Dismiss is DENIED.


Signed on this 8th day of February, 2022.

s/James E. Shadid
James E. Shadid
United States District Judge